IN THE IN THE UNITED STATES FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


William G. Schwab                     :
    Appellant                      : No.: 3:10-CV-02522
                                   : (Date filed:  12/13/2010)
        v.                    :
                                   :
CGL, LLC,                             : Judge James M. Munley
    Appellee                       :


## <u>APPELLANT'S BRIEF</u>

Frank J. Lavery, Jr., Esquire
Sunshine J. Miller, Esquire
Lavery, Faherty, Young & Patterson, P.C.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
Atty No. PA42370
Atty No. PA200130
flavery@laverylaw.com
smiller@laverylaw.com
Attys for Appellant, William G. Schwab,
Esquire

# TABLE OF CONTENTS

Table of Authorities ................................................................................ ii

I.  Statement of jurisdiction....................................................................1

II.  Statement of Issues Presented ..........................................................1

III.  Standard of Appellate Review ..........................................................1

IV. Statement of the Case .......................................................................2

V. Argument...........................................................................................5

    A. Judge Thomas erred in finding that the Barton Doctrine is no longer applicable and therefore leave of the Bankruptcy Court  is no longer required before suit is filed against the trustee of a bankruptcy estate .......... 5

    B. Judge Thomas erred in granting CGL leave to file suit against William G. Schwab, Esquire in the Lancaster County Court of Common Pleas............................................................................... 9

VI. Conclusion ......................................................................................13

Certificate of Word Count .....................................................................15

Certificate of Service .............................................................................16

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                                              <u>Page</u>

<u>Allard v. Weitzman</u> (In re DeLorean Motor Co), 991 F.2d 1236 (6th Cir. 1993)......7

<u>Barton v. Barbour</u>, 104 U.S. 126 (1881).....................................................................5-6, 9

<u>Carter v. Rodgers</u>, 220 F.3d 1249 (11th Cir. 2000) ...................................................6, 7, 9

<u>Gordon v. Nick,</u> 162 F.3d 1155 (4th Cir 1998) ..........................................................7

<u>Harris v. Wittman</u>, 590 F.3d 730 (9th Cir. 2009) ......................................................8

<u>In re Linton</u>, 136 F.3d 544 (7th Cir. 1998) ..............................................................7, 9

<u>In re Mailman Steam Carpet Cleaning Corp. v. Salem</u>,
    196 F.3d 1 (5th Cir 1999)..........................................................................11

<u>In re Main, Inc. v. Blatstein</u>, 2000 U.S. Dist. LEXIS 17652 (E. D. Pa) ...................1-2

<u>Kashani v. Fulton</u> (In re Kashani), 190 B.R. 875 (9th Cir. BAP 1995).....................7

<u>Lawrence v. Goldberg</u>, 573 F.3d 1265 (11th Cir. 2009) ............................................6

<u>Lebovits v. Scheeffel</u> (In re Lehal Realty Assocs.),
    101 F.3d 272 (2d Cir. 1996)...................................................................7

<u>Springer v. Infinity Group Co</u>., 189 F.3d 478 (10th Cir. 1999) cert. denied,
    529 U.S. 1020 (2000)..........................................................................7

<u>Torrez v. Eley</u>, 2010 WL 1948679 (C.A. 10 (Colo.) 2010) ......................................8

<u>Vass v. Conron Bros. Co</u>., 59 F.2d 969 (2nd Cir. 1932).............................................7

## <u>Acts, Rules Statutes</u>

28 U.S.C. §158.................................................................................................1

28 U.S.C. §959.................................................................................................8

## I.    STATEMENT OF JURISDICTION

Pursuant to 28 U.S.C. §158, District Courts of the United States have jurisdiction to hear appeals from, among other things, final judgments, orders, and decrees of the bankruptcy court.  As this appeal arises from a final order of Judge Thomas of the United States Bankruptcy Court for the Middle District of Pennsylvania dated October 22, 2010, this Court has jurisdiction to hear the instant appeal.

## II.    STATEMENT OF ISSUES PRESENTED

**A.    WHETHER THE BANKRUPTCY JUDGE ERRED IN FINDING THE BARTON DOCTRINE NO LONGER APPLICABLE WHEN GRANTING CGL, LLC LEAVE TO FILE SUIT AGAINST WILLIAM G. SCHWAB, ESQUIRE, CHAPTER 7 TRUSTEE, WHEN THE BANKRUPTCY JUDGE FAILED TO ADEQUATELY CONSIDER THE REASONS  TO DENY THE REQUEST FOR LEAVE TO FILE SUIT UNDER THE BARTON DOCTRINE AND APPLICABLE LAW THEREUNDER?**

**[Suggested Answer:  Yes]**

**B.    WHETHER THE BANKRUPTCY JUDGE ERRED IN GRANTING CGL, LLC LEAVE TO FILE SUIT AGAINST WILLIAM G. SCHWAB, ESQUIRE, IN THE LANCASTER COUNTY COURT OF COMMON PLEAS?**

**[Suggested Answer:  Yes]**

## III.    STANDARD OF APPELLATE REVIEW

The bankruptcy court's findings of facts are reviewed for clear error and conclusions of law are reviewed de novo.  <u>In re Main, Inc. v. Blatstein</u>, 2000 U.S.

Dist. LEXIS 17652 (E. D. Pa)(citations omitted). "Mixed questions of fact and law require a mixed standard of review, under which the court reviews findings of historical or narrative fact for clear error but exercises plenary review over the bankruptcy court's "choice and interpretation of legal precepts and its application of those precepts to the historical facts." <u>Id.</u>

## IV.    STATEMENT OF THE CASE

This matter arises from a Motion for Leave to File Suit filed against Appellant, William Schwab, Esquire, Chapter 7 Trustee for the bankruptcy filed by Vistacare Group, LLC, in the United States Bankruptcy Court for the Middle District of Pennsylvania, by Appellee, CGL, LLC.   The Vistacare bankruptcy estate owned a parcel of property in Lancaster County, Pennsylvania, known as the Parkside Manor Retirement Community, when the bankruptcy petition was filed on May 7, 2007.  Parkside Manor was composed of 45 lots.  (Appellee's Motion for Leave; Bankr. Hrg. Tr. pp. 14-15).  44 of the lots were zoned and subdivided for occupation by mobile homes. <u>Id.</u>  The 45th lot was occupied by the retirement and assisted living facility (hereinafter "Lot 45"). <u>Id.</u> These lots were subject to a Subdivision Plan, which contained certain restrictions. (Bankr. Hrg. Tr. pp. 15-16). The restriction relevant to the litigation (referred hereinafter to as "Restriction 1") provided as follows:

2

      1.    Fee title to the Lot shown on this plan will not be transferred to the parties having residences constructed upon the said Lots, but title will remain in the developer, his heirs and assigns

On July 25, 2008, Mr. Schwab, as Trustee for the estate, filed a motion with the Bankruptcy Court seeking authorization to sell Parkside Manor. (Bankr. Hrg. Tr. pp. 38-39). That motion sought to sell the property either as one parcel or as two separate parcels. Id. By Order of Court dated August 21, 2008, the motion was granted. On September 27, 2008, CGL, LLC, Appellee, entered into an agreement of sale for the purchase of Lot 45 following a public auction. (Bankr. Hrg. Tr. p. 40). The terms of the sale were approved by Order of Court dated February 17, 2009.

In conjunction with this purchase, CGL sought and secured, via its counsel, confirmation that Restriction 1 did not restrict the sale of Lot 45 to CGL and the removal of Restriction 1 from Lot 45. (Bankr. Hrg. Tr. pp. 16-17, 41-44). At CGL's request, the removal of Restriction 1 was confirmed by Order of Court dated March 10, 2009. (Bankr. Hrg. Tr. pp. 41-43, 58-59). Specifically, that Order stated "This sale shall also be free and clear of Restriction #1 of the Subdivision Plan to allow for the sale of Lot 45". Thereafter, the purchase of Lot 45 was closed on May 8, 2009. (Bankr. Hrg. Tr. p. 17).

As part of Mr. Schwab's continued administration of the estate, it was necessary to liquidate the remaining 44 lots. The sale of these lots was

contemplated and approved by the August 21, 2008 Order of Court. (Bankr. Hrg. Tr. pp. 38-39). Mr. Schwab became aware that some of the homeowners had permanently affixed mobile homes to the debtor's property.  (Bankr. Hrg. Tr. pp. 45, 54-55). He then filed adversary actions against each homeowner who had done so.  (Bankr. Hrg. Tr. pp. 45, 55). As part of the resolution of the adversary actions, it was agreed that the lots would be sold to the homeowners.  (Bankr. Hrg. Tr. pp. 45, 55).

The lots, except for one, were then sold to the individual residents after separate notice, including notice to CGL, was provided to all necessary parties and after Court approval of the sales was secured.  (Bankr. Hrg. Tr. pp. 47, 55).  An agreement was entered into on December 14, 2009, between Mr. Schwab and the Township which abrogated the restrictions in the subdivision plan, specifically Restriction No. 1, as it pertains to the 44 lots. (Bankr. Hrg. Tr. p. 49).  Although CGL was provided with notice and an objection period prior to the sale of the individual lots, CGL did not file any objections to the sales.  (Bankr. Hrg. Tr. pp. 30-31, 57).

The testimony rendered before Judge Thomas confirmed that CGL and its counsel, Mr. Yoder, were aware of the impending sales of the lots and deliberately decided not to file any objections or to otherwise challenge the sales.  (Bankr. Hrg. Tr. pp. 24-32, 50, 53-54). Moreover, the testimony also confirmed that CGL and its

counsel were aware of Mr. Schwab's efforts to remove Restriction 1 from the 44 lots and advised that they would be interested in purchasing the lots if the Restriction could not be removed.   (Bankr. Hrg. Tr. pp. 19-20, 50, 53-54).

On July 30, 2010, after the sale of the 44 lots, CGL filed its Motion for Leave seeking to file suit against William Schwab, Esquire, in the Lancaster County Court of Common Pleas based on the following allegations:  1) the alleged unlawful sale of the 44 lots in violation of Restriction 1 causing damage to CGL's property interests in Lot 45; and 2) an attempt to deprive CGL of its property rights without notice and due process of law relative to the December 14, 2009 agreement to remove Restriction 1 from the 44 lots. (Motion for Leave ¶¶17-20). By Order of Court dated October 22, 2010, Judge Thomas granted CGL's Motion for Leave permitting suit to be filed against William Schwab, Esquire, in the Lancaster County Court of Common Pleas.   This appeal arises from Judge Thomas' decision granting CGL's motion for leave.

## V.    ARGUMENT

### A.    JUDGE THOMAS ERRED IN FINDING THAT THE BARTON DOCTRINE IS NO LONGER APPLICABLE AND THEREFORE LEAVE OF THE BANKRUPTCY COURT IS NO LONGER REQUIRED BEFORE SUIT IS FILED AGAINST THE TRUSTEE OF A BANKRUPTCY ESTATE

The Barton doctrine is a long standing doctrine of the bankruptcy court system which provides that "before suit is brought against a receiver leave of the court by which he was appointed must be obtained".  Barton v. Barbour, 104 U.S.

126 (1881).  This doctrine has evolved into federal common law.  See, Lawrence v. Goldberg, 573 F.3d 1265 (11th Cir. 2009); Carter v. Rodgers, 220 F.3d 1249 (11th Cir. 2000).  Circuit courts have extended the Barton doctrine from lawsuits against receivers to lawsuits against bankruptcy trustees. See, Carter, *supra*.

"These protections have been extended to bankruptcy trustees because they are a statutory successor to equity receivers and, similarly, a bankruptcy trustee is working in effect for the court that appointed or approved him and is administering property that has come under the court's control." See, Id.  Additionally, these protections have been extended to bankruptcy trustees in order to permit them to focus on their work without being impeded by frivolous suits and to protect the assets of the estate from being drained.  See, Id.  This protection is also intended to assist in finding competent people to serve as trustees and to enable the bankruptcy judges to better monitor the work of the trustees. See, Id.

Judge Thomas has held that the Barton doctrine is antiquated and is no longer applicable; therefore, leave of court is no longer required before suit is filed against a bankruptcy trustee.  (Order of Judge Thomas dated 10/22/10; Bankr. Hrg. Tr. pp. 68-70).  In so holding, Judge Thomas pointed to the fact that, under the provisions of the Bankruptcy Code of 1978, a trustee is no longer appointed by the Court but rather is an agent of the U.S. Trustee Office. (Bankr. Hrg. Tr. pp. 68-70).  Judge Thomas also found that, due to the provisions of the Bankruptcy Code of

1978, the estate is no longer at risk of being drained by third party litigation. (Bankr. Hrg. Tr. pp. 68-70). This holding is in error and is not supported by any law.

Although the Third Circuit has not addressed the continued applicability of the Barton doctrine, sister courts have recently affirmed the continuing existence and viability of the Barton Doctrine. See, Carter, *supra*; Springer v. Infinity Group Co., 189 F.3d 478 (10th Cir. 1999) cert. denied, 529 U.S. 1020 (2000); Gordon v. Nick, 162 F.3d 1155 (4th Cir 1998); In re Linton, 136 F.3d 544 (7th Cir. 1998); Lebovits v. Scheeffel (In re Lehal Realty Assocs.), 101 F.3d 272 (2d Cir. 1996); Allard v. Weitzman (In re DeLorean Motor Co), 991 F.2d 1236 (6th Cir. 1993); Vass v. Conron Bros. Co., 59 F.2d 969 (2nd Cir. 1932); Kashani v. Fulton (In re Kashani), 190 B.R. 875 (9th Cir. BAP 1995).   Despite Judge Thomas' finding that the Barton doctrine has no applicability in light of the Bankruptcy Code of 1978, courts nationwide have and continue to affirm the doctrine's viability even in light of the Bankruptcy Code of 1978.  In fact, some courts have specifically opined that there is no fundamental difference in the application of the Barton doctrine even if the trustee is not appointed.  See, Carter, *supra*.

Some courts have limited the application of the doctrine to situations where the trustee would be named in suits in a "non-appointing" forum thereby holding that approval may not be required for suits initiated in the "appointing" forum.

See, Torrez v. Eley, 2010 WL 1948679 (C.A. 10 (Colo.) 2010); Harris v. Wittman, 590 F.3d 730 (9th Cir. 2009).  However, this exception would not be applicable here as leave is being sought to file suit in state court, which would be a "non-appointing" forum.  Hence, even under this analysis, leave of court would be required.

An exception to the common law was also created by 28 U.S.C. § 959(a), which provides that leave of court to file suit against a trustee is not required when the trustee is "carrying on business" connected with the property of the estate. This exception is not pertinent to the suit proposed by CGL as Vistacare, the debtor, had not been in the business of selling real estate and/or land. As such, this exception would not be applicable under the instant circumstances.  Moreover, by creating this exception to the common law rule, the legislature has acknowledged the existence of the Barton doctrine and the need to seek leave before filing suit against a trustee.  Hence, 28 U.S.C. § 959(a) also lends towards a finding that leave of court to file suit against Mr. Schwab is required.

Review of the case law reflects no support for Judge Thomas' position that the Barton doctrine no longer has any applicability.  Rather, courts nationwide continue to apply Barton notwithstanding the enactment of the Bankruptcy Code of 1978 and the fact that the trustees are no longer appointed directly by the Court.

Judge Thomas has taken a unique position in holding that the Barton doctrine is antiquated and inapplicable without offering any support for this position.

The reasons why the protections of <u>Barton</u> were extended to trustees remain valid and meritorious even when considering the Bankruptcy Code of 1978; therefore, the doctrine should not be considered inapplicable.  The public policy rationale for the Barton doctrine was to allow the trustee to focus on his job without unnecessary distractions, the fear or threat of frivolous lawsuits, and not to discourage qualified persons from becoming Trustees.  These reasons remain valid even in light of the enactment of the Bankruptcy Code of 1978.  <u>See</u>, <u>Linton</u>, *supra*; <u>Carter</u>, *supra*.  As such, there is no support for Judge Thomas' opinion that the Barton doctrine is antiquated and inapplicable.  To the contrary, its continued viability has and continues to be affirmed nationwide.

Accordingly, this Honorable Court should find that the Barton doctrine remains applicable and that Judge Thomas erred in holding that CGL was not required to seek leave prior to filing suit against William Schwab, Esquire, in the Court of Common Pleas of Lancaster County.

**B.   JUDGE THOMAS ERRED IN GRANTING CGL LEAVE TO FILE SUIT AGAINST WILLIAM G. SCHWAB, ESQUIRE, IN THE LANCASTER COUNTY COURT OF COMMON PLEAS**

CGL should not be granted leave to file suit against Mr. Schwab as the proposed suit is both frivolous and without merit.  As discussed in more detail

above, CGL seeks to file suit alleging that Mr. Schwab has damaged CGL's property interest in Lot 45 and has deprived CGL of its property rights without due process.  However, the record clearly reflects that CGL was aware of the sales prior to them occurring but failed to object; that CGL was aware Mr. Schwab was attempting to remove Restriction 1 from the other 44 lots and failed to object; that Mr. Schwab's actions were court approved; and that CGL has no evidence supporting it assertion that its property interest has been damaged.

The record reflects that CGL, though its counsel, was in frequent communication with Mr. Schwab regarding the property and his attempts to remove Restriction 1 from the other 44 lots. (Bankr. Hrg. Tr. pp. 26, 50). Never did CGL's counsel object to these undertakings. Rather, CGL simply advised, through counsel, that if Mr. Schwab was unsuccessful in selling the other lots, CGL would purchase them. Moreover, CGL, through Grant Wise (sole member of CGL), admitted during the hearing before the Bankruptcy Court that CGL, though counsel, had received formal notice of the impending sales which advised them of their right to object to the sales if they wished to challenge them.  (Bankr. Hrg. Tr. pp. 27-30).  Yet despite this knowledge, CGL and its counsel did not object to the sales or the attempts to remove Restriction 1. (Bankr. Hrg. Tr. p. 30).

Furthermore, the deed to CGL's property, which predated the sale of the other lots, clearly anticipated the possibility of multiple owners of the 44 lots.

10

(Bankr. Hrg. Tr. pp. 23-24). Specifically, the deed referred to other owners and residents, in the plural, of the lots. (Bankr. Hrg. Tr. p. 61). Consequently, CGL's assertions that they were unaware of the impending sale of the lots and the attempts to remove Restriction 1 are simply without merit. Rather, the record reflects that CGL was, without a doubt, well aware of the impending sales and the attempts to remove Restriction 1; however, they knowingly decided not to object or otherwise challenge the sales. Therefore, this proposed suit is both frivolous and without merit.

Additionally, Mr. Schwab's sale of the other lots to the individual homeowners was approved by the Bankruptcy Court. Prior to the sale, separate notices and motions related to each sale were filed with the Court, with notice to all necessary parties including CGL. As indicated above, CGL has acknowledged its receipt of these notices and motions. (Bankr. Hrg. Tr. pp. 27-30). These motions were approved by the Court. Courts have held that a trustee acting with explicit approval of a bankruptcy court is entitled to absolute immunity. See, In re Mailman Steam Carpet Cleaning Corp. v. Salem, 196 F.3d 1 (5th Cir 1999). Here, each of the sales was with appropriate notice to and approval of the Bankruptcy Court. Therefore, as Mr. Schwab was acting with court approval, he is entitled to immunity from the claims CGL seeks to bring.

Additionally, CGL has admitted that they have no evidence to support their allegation that their property interest has been impaired.[1] (Bankr. Hrg. Tr. p. 36). If there is no impairment, then there can be no harm and without harm, there is no viable claim against Mr. Schwab.  Accordingly, CGL is unable to sustain their burden in support of their claim and any such claim is frivolous and without merit.

The proposed lawsuit against Mr. Schwab is an attempt to cure buyer's remorse. As reflected during the hearing, CGL bought Lot 45 in hopes they could eventually restore the retirement community to its former glory; however, due to a number of factors, including their inability to purchase the other 44 lots, they have been unable to bring this dream to a reality. (Bankr. Hrg. Tr. p. 18). Now they are seeking to bring suit against Mr. Schwab in an effort to remediate their inability to bring their dream to fruition.  This is not a valid basis for which to file suit against a Chapter 7 Trustee who was, with court approval, performing those duties that are within the scope and requirements of his position.

Therefore, as the claims CGL seeks to bring are frivolous and without merit, CGL should not be permitted to file suit against Mr. Schwab.  As such, Appellant Schwab respectfully requests that this Honorable Court reverse Judge Thomas' decision granting such leave.

---

[1] CGL has advised that their concern with the multiple ownership of the 44 lots is that they will have to interact with more than one person as it pertains to the ownership and maintenance of the common grounds.  However, as CGL conceded during the hearing before Judge Thomas, the common areas are owned by the homeowners' association, therefore, CGL only needs to interact with one person or entity. (Bankr. Hrg. Tr. pp. 36-37). Therefore, this assertion is also without merit or basis.

12

However, to the extent this Court was inclined to affirm Judge Thomas' decision granting CGL leave to file suit, Mr. Schwab requests that leave to file suit be restricted to federal court.  Mr. Schwab as a Chapter 7 Trustee is a federal appointee. As a federal officer, Section 1442 of Title 28 of the U.S. Code permits Mr. Schwab to remove any case filed against him in state court to federal court. Therefore, to the extent leave would be granted for CGL to file suit against Mr. Schwab, venue would be appropriate in federal court, specifically, the Middle District of Pennsylvania.

## VI.   CONCLUSION

For the reasons advanced herein, Appellant, William Schwab, Esquire, respectfully requests this Honorable Court reverse Judge Thomas' October 22, 2010 Order and deny Appellee, CGL, LLC, leave to file suit against him. Appellant, Mr. Schwab, also requests that this Honorable Court reverse Judge Thomas' decision that the Barton doctrine is inapplicable and affirm that leave of the bankruptcy court is required before a lawsuit is commenced against the trustee of a bankruptcy estate.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.


By: <u>s/ Frank J. Lavery, Jr.</u>

Frank J. Lavery, Jr., Esquire
Sunshine J. Miller, Esquire
225 Market Street, Suite 304
P.O. Box 1245
DATE: December 30, 2010         Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
Atty No. PA42370
Atty No. PA200130
flavery@laverylaw.com
smiller@laverylaw.com
Attys. for Appellant, William G. Schwab,
Esquire

<u>CERTIFICATION OF COUNSEL</u>

The undersigned counsel hereby certifies that the foregoing Brief complies with the word count limitations set forth in Middle District of Pennsylvania L.R. 7.8.  The brief contains 3,097 words.  Counsel relied upon the word count feature of the word processing system used to prepare the brief in obtaining the foregoing number.

Respectfully submitted,

Lavery, Faherty, Young & Patterson, P.C.


By: <u>s/ Frank J. Lavery, Jr.</u>
      Frank J. Lavery, Jr., Esquire
      Sunshine J. Miller, Esquire
      225 Market Street, Suite 304
      P.O. Box 1245
DATE: December 30, 2010      Harrisburg, PA 17108-1245
      (717) 233-6633 (telephone)
      (717) 233-7003 (facsimile)
      Atty No. PA42370
      Atty No. PA200130
      flavery@laverylaw.com
      smiller@laverylaw.com
      Attys. for Appellant, William G. Schwab, Esquire

<u>**CERTIFICATE OF SERVICE**</u>

I, Megan L. Renno, an employee with the law firm of Lavery, Faherty, Young & Patterson, P.C., do hereby certify that on this 30th day of December, 2010, I served a true and correct copy of the foregoing Appellant Brief via U.S. Middle District Court's Electronic Case Filing System, addressed as follows:

Barry W. Sawtelle, Esquire
bsawtelle@kozloffstoudt.com
*Atty for Appellee, CGL, LLC*

Anne K. Fiorenza, Esquire
Anne.Fiorenza@usdoj.gov
*Atty for Trustee*

s/ Megan L. Renno
Megan L. Renno
Legal Secretary to Frank J. Lavery, Jr.,
Esquire and Sunshine J. Miller, Esquire

This document has also been electronically filed and is available for viewing and downloading from the ECF system.