IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| William G. Schwab, | : | |
|     Appellant | : | |
| | : | No. 3:10-cv-02522 |
| v. | : | |
| | : | Judge James M. Munley |
| CGL, LLC, | : | |
|     Appellee | : | |

## BRIEF OF APPELLEE CGL, LLC

                            Barry W. Sawtelle, Esquire
                            Attorney No.:  42936
                            KOZLOFF STOUDT
                            2640 Westview Drive
                            P.O. Box 6286
                            Wyomissing, PA  19610
                            (610) 670-2552
                            (610) 670-2591 (facsimile)
                            Attorney No.: 42936
                            bsawtelle@kozloffstoudt.com
                            Attorneys for Appellee CGL, LLC

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | STATEMENT OF JURISDICTION | 1 |
| II. | STATEMENT OF ISSUES PRESENTED | 1 |
| III. | STANDARD OF APPELLATE REVIEW | 1 |
| IV. | STATEMENT OF THE CASE | 2 |
| V. | ARGUMENT | 5 |
| VI. | CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Cases**

Anderson v. Bessemer City, 470 U.S. 564, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985) ............. 1

Barton v. Barbour, 104 U.S. 126 (1881) ....................................................................... 5, 6, 7, 8

Carter v. Rodgers, 220 F. 3d 1249 (11th Cir. 2000) ................................................................ 5

In re: Siciliano, 13 F. 3d 748 (3d Cir. 1994) ........................................................................... 1

Lawrence v. Goldberg, 573 F. 3d 1265 (11th Cir. 2009) ......................................................... 5

Mellon Bank, N.A. v. Metro Communications, Inc., 945 F. 2d 635 (3d Cir. 1991), *cert denied,* 503 U.S. 937, 117 L. Ed. 2d 620, 112 S. Ct. 1476 (1992) ........................................ 2

**Statutes**

11 U.S.C. § 323 ....................................................................................................................... 6

I.    **STATEMENT OF JURISDICTION**

The Appellee concurs with the Appellant's statement of jurisdiction.

II.    **STATEMENT OF ISSUES PRESENTED**

**A.    Did the Bankruptcy Court correctly hold that the *Barton Doctrine* was inapplicable to the rights of CGL, LLC to pursue its claims against the Chapter 7 Trustee?  (Suggested answer in the affirmative)**

**B.    Did the Bankruptcy Court properly exercise its discretion in granting the motion of CGL, LLC for leave to pursue claims against the Chapter 7 Trustee in state court?  (Suggested answer in the affirmative)**

III.    **STANDARD OF APPELLATE REVIEW**

The district court, sitting as an appellate tribunal, applies a clearly erroneous standard to review the bankruptcy court's factual findings and a de novo standard to review its conclusions of law.  In re: Siciliano, 13 F. 3d 748 (3d Cir. 1994).  A finding of fact is clearly erroneous if a reviewing court has a "definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 84 L. Ed. 2d 518, 105 S. Ct. 1504 (1985).  Mixed questions of fact and law require a mixed standard of review.  Under such review, the district court reviews findings of fact for clear error but exercises plenary review over the bankruptcy court's interpretation of questions of law.  Mellon Bank, N.A. v. Metro

1

Communications, Inc., 945 F. 2d 635(3d Cir. 1991), *cert denied,* 503 U.S. 937, 117 L. Ed. 2d 620, 112 S. Ct. 1476 (1992).

## IV.   STATEMENT OF THE CASE

Presently before the court is the appeal of Chapter 7 Trustee William G. Schwab from an order of the United States Bankruptcy Court for the Middle District of Pennsylvania granting permission to CGL, LLC ("CGL") to commence a civil action against Mr. Schwab, in his capacity as the Chapter 7 Trustee, in the Court of Common Pleas of Lancaster County, Pennsylvania.  Mr. Schwab is the Chapter 7 Trustee in the bankruptcy case of In re:  Vistacare Group, presently pending in the United States Bankruptcy Court for the Middle District of Pennsylvania.

On October 21, 2010, an evidentiary hearing was held before the Honorable John J. Thomas, United States Bankruptcy Judge, to consider the motion of CGL for leave to commence an action against Mr. Schwab.  At that hearing, the evidence established, to Judge Thomas' satisfaction, that a *prima facie* case against Mr. Schwab could be alleged and was supported by the evidence presented at the hearing  (N.T. , 76).  Accordingly, Judge Thomas granted CGL's motion (N.T., 76).

The evidence established that CGL is a Pennsylvania limited liability company owned by Grant H. Wise (N.T., p. 13). When the bankruptcy case was filed, the Debtor, VistaCare Group, LLC ("Vistacare"), owned real estate in East Cocalico Township, Lancaster County, Pennsylvania known as the Parkside Manor Retirement Community ("Parkside") (N.T., p. 38). Parkside consists of 45 lots. Forty-four (44) of the lots are zoned and subdivided to be occupied by individual mobile home residences. Of the 44 lots available for individual mobile home residences. One lot is occupied by a retirement and assisted living facility ("Lot 45") (N.T., pp. 14-15).

Parkside was subdivided pursuant to a land development plan approved by East Cocalico Township and recorded in the Office of the Recorder of Deed of Lancaster County in Plan Book J-137, page 140 and J-166, page 44, dated August 8, 1983 (the "Subdivision Plan"). The Subdivision Plan contains certain restrictions on ownership of the property, including the following:

> Fee title to the lots shown on this plan will not be transferred to
> the parties having residences constructed upon the said lots,

3

but title will remain in the Developer, his heirs and assigns. (hereinafter referred to as "Restriction No. 1").

(N.T., p. 16).

On July 25, 2008, the Trustee filed a motion with this court seeking authorization to sell Parkside. The Trustee's motion requested authorization, in the alternative, to sell Parkside as a single unit or to sell Parkside in two parcels with one parcel consisting of Lot 45 and the other parcel containing the remaining 44 lots. The Trustee's motion specifically acknowledged the existence of Restriction No. 1 and provided as follows:

> 10. The sale of the real property as two (2) separate parcels would be contingent upon approval by East Cocalico Township of the modification of Restriction No. 1 to allow the personal care home and the mobile home park to be separated.

The bankruptcy court granted the Trustee's motion to sell Parkside and CGL purchased Lot 45 (N.T., pp. 16-17).

After CGL purchased Lot 45, Mr. Schwab sold other lots in the Mobile Home Park to individual residents, in violation of Restriction No. 1 on the subdivision plan.

On December 14, 2009, in an apparent effort to legitimize his actions, Mr. Schwab and East Cocalico Township entered into a "Declaration" which purports to abrogate the deed restrictions in the Subdivision Plan

4

and, specifically, Restriction No. 1 (N.T., p. 49, Ex. M-6). CGL, which then owned Lot 45, was not a party to the Declaration.

CGL is an intended beneficiary of Restriction No. 1. The sales of individual lots in violation of Restriction No. 1 are unlawful and have caused damage to CGL's property interests in Lot 45. Therefore, CGL sought permission from the Bankruptcy Court to seek enforcement of Restriction No. 1 and recover damages from Mr. Schwab in state court. Judge Thomas granted that request and this appeal followed.

V. ARGUMENT

  **A.  The Bankruptcy Court correctly ruled that the *Barton Doctrine* was inapplicable to the rights of CGL, LLC to pursue its claims against the Chapter 7 Trustee.**

In Barton v. Barbour, 104 U.S. 126 (1881), the United States Supreme Court ruled that, as a general rule, before a suit can be brought against a receiver, permission must be obtained from the court which appointed the receiver. The holding in Barton v. Barbour, often referred to as the Barton Doctrine, has been incorporated into federal common law and, at times and in some jurisdictions, applied to actions against Chapter 7 bankruptcy trustees. See, Lawrence v. Goldberg, 573 F. 3d 1265 (11th Cir. 2009); Carter v. Rodgers, 220 F. 3d 1249 (11th Cir. 2000). The Third Circuit Court of

Appeals has not ruled on whether the Barton Doctrine applies to Chapter 7 Trustees and has not held that permission must be obtained before instituting an action against a Chapter 7 Trustee.

Several procedural and historical factors make the Barton Doctrine inapplicable to Chapter 7 Trustees in modern bankruptcy practice in the 1978 Bankruptcy Code. First, the purpose of the Barton Doctrine was to protect the assets in the control of the receiver from depletion, to the detriment of creditors, by legal actions against the receiver. In the present case, CGL's claim is against Mr. Schwab and not assets of the estate. A judgment against Mr. Schwab will not have an adverse impact on the assets of the Vistacare bankruptcy estate.

Second, the Barton Doctrine specifically requires a potential plaintiff to seek the permission of the court which appointed the receiver. However, under the 1978 Bankruptcy Code, the bankruptcy courts do not appoint the Chapter 7 trustees. Rather, the Chapter 7 trustees are appointed and supervised by the Office of the United States Trustee.

Finally, the Bankruptcy Code states that a trustee has the capacity to sue and be sued. 11 U.S.C. § 323. In stating specifically that a bankruptcy trustee may be sued, the Bankruptcy Code makes no reference to the

6

Barton Doctrine and provides no procedure for obtaining bankruptcy court permission before suing a Chapter 7 trustee.

### B. The Bankruptcy Court properly exercised its discretion in granting the motion of CGL, LLC for leave to pursue claims against the Chapter 7 Trustee in state court.

Even if the Barton Doctrine does apply to suits against Chapter 7 trustees, Judge Thomas' decision was an appropriate and proper exercise of the authority granted to judges by the Barton Doctrine. Judge Thomas made two critical findings of fact based upon the evidence presented at the hearing. First, Judge Thomas found that CGL's lawsuit was not frivolous (N.T., p. 76). Second, Judge Thomas found that the lawsuit would not create a risk of depletion of the bankruptcy estate to the detriment of other creditors (N.T., pp. 68-70).

These findings of fact are supported substantial evidence, are not clearly erroneous, and must be respected by the District Court. Accordingly, the grant of CGL's motion for leave to file its lawsuit against Mr. Schwab was a proper exercise of the authority granted to Judge Thomas by the Barton Doctrine.

**VI.    CONCLUSION**

The Barton Doctrine is antiquated and has been superseded by modern practice.  Remedies exist under both Pennsylvania and federal law to protect litigants from frivolous lawsuits.  These protections did not exist in 1881, but they do now.  The concerns that motivated the Supreme Court in <u>Barton</u> are addressed by other means.  In addition, the Bankruptcy Code contemplates suits against trustees, but does incorporate the Barton Doctrine.

Finally, even if the Barton Doctrine is applicable, the record in this case established that CGL's proposed lawsuit was appropriate.  The Bankruptcy Court found, as a matter of fact, that the issues of concern to the Supreme Court, distraction of the trustee from his duties and dissipation of the assets of the estate, are not present here.  Therefore, the Barton Doctrine imposes no limitation on the action CGL intends to file.

For these reasons, the decision of the Bankruptcy Court must be affirmed.

        KOZLOFF STOUDT

        _/s/_____
        Barry W. Sawtelle, Esquire
        Attorney No.: 42936
        Attorney for Appellee

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| William G. Schwab, | : | |
|     Appellant | : | |
| | : | No. 3:10-cv-02522 |
| v. | : | |
| | : | Judge James M. Munley |
| CGL, LLC, | : | |
|     Appellee | : | |

## CERTIFICATE OF SERVICE

    I, Barry W. Sawtelle, hereby certify, that on this January 13, 2011, a copy of the attached Brief of Appellee, CGL, LLC was served upon the following party electronically through the ECF System:

Barry A. Solodky, Esquire
Email: bas@bbt-law.com
*Attorney for Parkside Manor Property*
*Owners Association*

John H. Doran, Esquire
Email: jdoran@dndlegal.com
*Attorney for Debtor VistaCare Group, LLC*

FrankJ. Lavery,Jr.,Esquire
Email:  flavery@laverylaw.com
*Attys for William G. SchwabEsquire, Chapter 7 Trustee*

    This Certificate is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

KOZLOFF STOUDT

_/s/_ _____
Barry W. Sawtelle, Esquire
Attorney No.: 42936
Attorney for the Defendant