IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re VISTACARE GROUP, LLC, : <br> Debtor : | No. 10cv2522 <br> Bankruptcy Appeal <br> (Judge Munley) |
| WILLIAM J. SCHWAB, : <br> Appellant : <br> v. : <br> CGL, LLC, : <br> Appellee | |

## MEMORANDUM

Before the court is Trustee William G. Schwab's ("Trustee") appeal of the ruling of Bankruptcy Judge John J. Thomas's order entered on October 22, 2010. (Doc. 1). The order granted the motion of Appellee CGL for leave to file suit against the Trustee.

**Background**

The bankruptcy estate of Debtor Vistacare Group ("Vistacare") owned a parcel of land in Lancaster County Pennsylvania known as Parkside Manor Retirement Community. The parcel contained 45 lots, 44 of which were zoned and subdivided for mobile homes. The forty-fifth lot ("Lot 45") contained a retirement and assisted living facility. The subdivision plan that covered the lots contained certain restrictions, including a restriction that provided that "fee title to the Lot shown on this plan will not be transferred to the parties having residences constructed upon the said Lots, but title will remain in the developer, his heirs and assigns." (See Doc. 2 at ¶ 7).

On July 25 2008, the Trustee filed a motion in the bankruptcy court seeking authorization to sell Parkside Manor, either as one parcel or as two separate parcels. The court granted this motion on August 21, 2008. On September 27, 2008, after a public auction, CGL entered into an agreement for the purchase of Lot 45. Lot 45 contained the retirement and assisted living facility. As part of the terms of sale, CGL

sought and received confirmation that the restriction described above did not prevent sale of Lot 45 to CGL, and that the restriction would be removed from Lot 45. The bankruptcy court approved the terms of the sale on February 17, 2009. A court order issued on March 10, 2009 confirmed that the restriction had been removed. The purchase of the lot closed on May 8, 2009.

The Trustee concluded that his administration of the estate required liquidating the remaining 44 lots in the parcel. The bankruptcy court approved the sale of these lots in an order issued August 21, 2008. Before such sales could be made, the Trustee discovered that some lot owners had permanently affixed mobile homes to the debtor's property. The Trustee filed adversary actions against these homeowners. The parties resolved these actions by agreeing that the lots could be sold to the homeowners in violation of the above-mentioned restriction. The estate sold all but one of these lots to the residents after providing separate notice to all necessary parties, including CGL. On December 14, 2009, the Trustee and the township with jurisdiction over the land entered into an agreement abrogating the restrictions in the subdivision plan, including the restriction here in question. Though CGL received notice of the sale and an opportunity to object, CGL did not do so. During bankruptcy proceedings, CGL and its attorney admitted they were aware of the pending sale and did not attempt to restrict it. The trustee then sold the 44 lots.

On July 30, 2010, after these sales, CGL filed in the bankruptcy court a Motion for Leave to file suit against the Trustee in the Lancaster County Court of Common Pleas. CGL alleged that the sale of the 44 lots was unlawful because of the above-discussed restriction, and that this sale damaged CGL's property interest in Lot 45; as a second claim, CGL allged that the Trustee had attempted to deprive CGL of its property rights without due process through the Trustee's efforts to remove the restriction.

On October 22, 2010, Judge Thomas granted this motion and permitted CGL to file suit against the Trustee in the Lancaster County Court of Common Pleas. That

decision led to the instant appeal.

**Legal Standard**

This court reviews the bankruptcy court's conclusions of law *de novo*. In re O'Brien Environmental Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999). The bankruptcy court's findings of fact will only be set aside if clearly erroneous. Bank. Rule 8013 ("On appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."); In re O'Brien, 188 F.3d at 122.

**Discussion**

The question here is whether the Bankruptcy Court properly granted CGL leave to sue the Trustee in Lancaster County court.

At issue in part is the Barton Doctrine, which provides that, as a general matter, "before suit is brought against a receiver leave of the court by which he was appointed must be obtained." Barton v. Barbour, 104 U.S. 126, 128 (1881). Some courts have applied this doctrine to federal bankruptcy cases and required leave of court before suit can be brought in another form against the bankruptcy trustee. See, e.g., Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000) (holding that "a debtor must obtain leave of the bankruptcy court before initiating an action in district court when that action is against the trustee or other bankruptcy-court-appointed officer, for acts done in the actor's official capacity."); In re Linton, 136 F.3d 544, 545 (7 th Cir. 1998) ("the trustee in bankruptcy is a statutory successor to the equity receiver, and it had long been established that a receiver could not be sued without leave of the court that appointed him."); Lebovits v. Scheffel, 101 F.3d 272, 276 (2d Cir. 1996) (noting that courts have "requir[ed] leave of the appointing court before a suit may go forward in another court against the trustee."). The Third Circuit Court of Appeals has, however, been silent on

3

this issue.

The Bankruptcy Judge found that CGL should be allowed to sue the Trustee in state court for two reasons. First, he found that the prohibitions in Barton against suits against the trustee were "antiquated" and "probably not controlling in the Third Circuit." (Transcript of October 21, 2010 Proceedings in Bankruptcy Court (hereinafter "T.") (Doc. 3) at 68). He pointed the parties to a written decision he had issued in In re Lambert, 438 B.R. 523 (M.D. Pa. 2010), as grounds for this conclusion. Id. At the hearing in this case, Judge Thomas pointed out that Barton, "a pretty old case[,] . . . identified the general rule that before a suit is brought against a receiver, somebody like Mr. Scwhab, that leave of the court by which he was appointed must be obtained." Id. at 69. The Bankruptcy Judge distinguished the Trustee in this case from the receiver in Barton, however. Unlike a receiver in earlier times, a bankruptcy judge does not appoint the trustee under the version of the Bankruptcy Code in place since 1978. Id. Thus, "the trustee is no longer, in a sense, an agent of the Court." Id. Instead, the Trustee is appointed by the Attorney General, a member of the executive branch, and is "really just another advocate that appear[s] before me, and I have no control over their appointment."[1] Id. Moreover, the purpose of the rule against suits without permission–to prevent draining of the estate through litigation in multiple forms–is now met by the "automatic stay of any attempt to collect against property of the estate" established under the Bankruptcy Code. Id. at 70. As such, the Judge Thomas concluded that the Barton doctrine no longer applied.

Despite concluding that the Barton doctrine did not preclude CGL from filing a state lawsuit against the Trustee without leave of court, the Bankruptcy Judge still

---

[1] The Eleventh Circuit Court of Appeals rejected this position in Carter, finding "irrelevant" the fact that the court did not appoint, but instead approved the trustee, since "these court approved officers functioned as the equivalent of court appointed officers for purposes of the *Barton* doctrine." Carter, 220 F.3d at 1252, n.4.

4

examined whether he should approve such a suit if permission were required. The Bankruptcy Judge concluded that a lawsuit alleging the Trustee had sold property in violation of the restrictions in the deeds and development plan was not "on its surface, frivolous." Id. at 76. Moreover, Judge Thomas found that "the State Court probably has an expertise in this area, and it's probably appropriate to go forward in State Court." Id. If CGL were to obtain a money judgment against the trustee, the Bankruptcy Court would not "assume it would drain the estate because I don't know whether the trustee would have to take it out of his own pocket, or out of the estate." Id. The court thus decided to allow the state-court litigation without prejudice to the Bankruptcy Court enjoining "the litigation should property of the estate be threatened."[2] Id. at 77. Judge Thomas also concluded, over the Trustee's objections, that the state court was an appropriate forum for CGL's lawsuit against the trustee. Id. at 79.

The Trustee challenges these findings on two grounds. The court will address each in turn, as appropriate.

### A. Barton Doctrine

The Trustee argues that the Bankruptcy Judge erred in finding that the Barton doctrine did not apply to this case and that leave court was not necessary before CGL filed suit against the Trustee. As noted above, the issue of the need to obtain permission from the Bankruptcy Court before bringing suit against the Trustee has not been addressed by the Third Circuit Court of Appeals. As there is no binding precedent on this issue in this circuit and the court can resolve the issue here on appeal on other grounds, the court will decline to address this matter. The issue would, of course, be different if the Bankruptcy Judge had not addressed the issue of whether CGL should be granted leave to sue.

---

[2] Judge Thomas noted that "even if Barton is applicable, there's reason to allow it to go forward in State Court." (T. at 77).

### B. Granting of Leave to Sue

The Trustee also argues that the Bankruptcy Judge erred in granting leave to CGL to sue in the Court of Common Pleas of Lancaster County, Pennsylvania. The lawsuit, the Trustee contends, is frivolous and without merit. CGL's lawsuit alleges that the Trustee's actions damaged CGL's interest in Lot 45 by selling lots without the restriction and deprived CGL of its property rights without due process. The Trustee argues, however, that CGL was aware of the pending sales and did not object. CGL also knew that the Trustee sought to remove the restriction from the 44 lots and did not object. Moreover, the bankruptcy court approved the Trustee's actions and no evidence exists to support CGL's claims of damage to its property interest.

The court will deny the appeal on these grounds. The Trustee argues the merits of CGL's case in state court, contending that such claims are "frivolous" and "without merit." Neither side cites to caselaw the court should follow in evaluating the Bankruptcy Court's decision. The Third Circuit has however, found that a party proposing to sue a trustee "must make out a prima facie case against the trustee, showing that its claim is not without foundation." In re National Moulding Co., 230 F.2d 69, 71 (3d Cir. 1956); see also, Anderson v. U.S., 520 F.2d 1027, 1028 (5th Cir. 1975) ("This court has held that while permission to prosecute an action against a trustee can involve discretion, such permission ordinarily should be granted unless it is clear that the claim is without foundation."). At the same time, "[t]he granting of leave for a party to sue the trustee is within the sound discretion of the appointing court." Kashani v. Fulton (In re Kashani), 190 B.R. 875, 881 (9th Cir. 1995).

The Bankruptcy Judge concluded that the case was not frivolous. (T. at 70). He noted that the state-court case surrounded the status of the restrictions on the deeds to the individual lots in the subject property, and whether the owner of a lot in the subdivision could enforce them against the trustee. (Id. at 71). The plaintiffs in the state-court suit argued that the Trustee had improperly sold the lots. (Id. at 73). While

6

the court could not determine the likely outcome, the court could not "identify it as a frivolous lawsuit." (Id. at 71). The court noted that there was evidence of a restriction on the deeds to the individual lots that had been recorded, and a legitimate disagreement about the status of those restrictions. (Id. at 76). Since the proposed case was not "frivolous" and the state court "probably has an expertise in this area," the court granted the motion for leave to file suit in state court. (Id.).

The proposed state-court action is a property dispute where the plaintiff alleges that the Trustee unlawfully sold the lots in violation of the restriction on them and deprived CGL of property rights without due process of law. (See Doc. 2). CGL's motion describes the various restrictions on the parcel of land here in question. (Id. at ¶¶ 5-7). The motion also describes the Trustee's filing of a motion with the bankruptcy court to sell the parcel as two units, and alleges that CGL's purchase of Lot 45, which contained the nursing home, was based on this separation of lots in the deed. (Id. at ¶¶ 8, 12). CGL alleges that it relied on statements in the Trustee's motion and assurances from the East Cocalico Township solicitor that the lots would be sold separately with separate conditions. (Id. at ¶¶ 9-10). CGL further alleges that the Trustee later filed motions for leave to sell individual lots in the parcel. (Id. at ¶ 13). These motions did not reference the alleged deed restriction. (Id.). The Trustee then sold some lots. (Id. at ¶ 14). Later, the Trustee and the Township of East Cocalico entered into an agreement that purports to lift the deed restrictions on the remaining lots in the parcel. (Id. at ¶ 15). CGL alleges that these actions led to improper sales of the property and violated CGL's property interests and rights without due process of law.

The court finds no clear error or abuse of discretion in the Bankruptcy Court's conclusion that CGL's proposed lawsuit was not frivolous and could be brought in Pennsylvania State Court. While the parties' briefing in this case demonstrates that there are disputed issues of fact in reference to the meaning and applicability of the deed restriction on the parcels in question, CGL has surely made out a prima facie case

that the Trustee sold the individual lots in an improper fashion and in a way that undermined CGL's property interest in Lot 45.  While the court cannot know how CGL's claims will fair in state court, the court finds that the Bankruptcy Judge did not err in granting the motion to allow those claims to be heard.  The court will therefore deny the appeal on these grounds.

As an alternative to reversing the Bankruptcy Court's decision, the Trustee requests that the court modify the order allowing CGL leave to file suit to permit such an action only in the United States District Court for the Middle District of Pennsylvania.  The Trustee argues that federal law permits him, as a federal appointee, to remove any case against him to federal court.  The court finds the Trustee's request premature.  CGL has not filed a cause of action in any court.  While the Trustee's claim that federal law permits removal of such a case to this court is correct, the statute does not operate to prevent a plaintiff from filing suit in an appropriate state court.  See, e.g., In re Serrato, 117 F.3d 427, 428 (9th Cir. 1997) (trustee, as a court officer, may remove a complaint to federal court).  Indeed, the statute cited by the Trustee does not allow a plaintiff to bring suit in federal court absent some other basis of jurisdiction, but instead provides that "A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending."  28 U.S.C. § 1442(a).  Included in that group of officials who possess the power to remove cases is "[a]ny officer of the courts of the United States, for any Act under color of office or in the performance of his duties."  28 U.S.C. § 1442(a)(3).   Since there is no case in state court at this point, the trustee cannot remove a case to this court.  The Trustee may take appropriate action at the appropriate time in relation to this statute.

**Conclusion**

Based on the foregoing, the court will deny the appeal and uphold the decision of the bankruptcy judge.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re VISTACARE GROUP, LLC,** | : | **No. 10cv2522** |
| **Debtor** | : | **Bankruptcy Appeal** |
| | : | |
| | : | **(Judge Munley)** |
| **WILLIAM J. SCHWAB,** | : | |
| **Appellant** | : | |
| | : | |
| **v.** | : | |
| **CGL, LLC,** | : | |
| **Appellee** | : | |

**ORDER**

**AND NOW,** to wit, this 26th day of May 2011, the instant appeal is hereby **DENIED**.  The Clerk of Court is directed to **CLOSE** the case.

                                          **BY THE COURT:**

                                          **s/ James M. Munley**
                                          **JUDGE JAMES M. MUNLEY
United States District Court**